**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NICHOLAS R.,[1]

Plaintiff, 5:25-cv-620 (BKS/MJK)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 S. Clinton Street, Suite 210
Syracuse, NY 13201

*For Defendant Commissioner:*
United States Attorney
Vernon Norwood
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Nicholas R. commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Defendant Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income benefits. (Dkt. No. 1). This matter was referred to United States Magistrate Judge Mitchell J. Katz. (Dkt. No. 5). On July 24, 2026,

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect his privacy.

after reviewing the parties' briefs, (Dkt. Nos. 13, 18, 21), and the Administrative Record, (Dkt. No. 8),[2] Magistrate Judge Katz issued a Report-Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 22). Plaintiff filed an objection to the Report-Recommendation. (Dkt. Nos. 23). For the reasons that follow, the Court adopts the Report-Recommendation and affirms the Commissioner's decision.

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

## III. DISCUSSION

### A. Report-Recommendation

Plaintiff has not raised any objections to the background and procedural history, legal standards, or summary of Administrative Law Judge ("ALJ") Eskunder Boyd's decision, as set forth in the Report-Recommendation. (Dkt. No. 19, at 1–9). The Court therefore adopts

[2] The Court cites the Bates numbering in the Administrative Record, (Dkt. No. 8), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

Magistrate Judge Katz's summary of the relevant background and applicable law and presumes familiarity with those matters for purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

As relevant here, in his brief to Magistrate Judge Katz, Plaintiff argued that the ALJ committed legal error by disregarding the moderate mental limitations State agency psychological consultant D. Brown, Psy.D. identified in his opinion without discussing supportability and consistency. (Dkt. No. 13, at 9–10); *see* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2))). Plaintiff further argued that this error was not harmless because the vocational expert ("VE") testified that these "moderate limitations would preclude competitive employment." (*Id.* at 10–11 (citing R. 63)).

Magistrate Judge Katz agreed that the ALJ failed to sufficiently analyze supportability and consistency of Dr. Brown's opinion. (Dkt. No. 22, at 14; *see id.* (noting that the only explanation the ALJ offered was that Dr. Brown's opinion was "'supported by and consistent with the objective medical evidence,'" and finding this was "insufficient" because it did not point to specific evidence in the record supporting those findings (quoting R. 25))). However, Magistrate Judge Katz found that "the error was harmless" because "Dr. Brown's more limiting opinions were no more than moderate limitations and ALJ Boyd adopted those limitations" in formulating the RFC.[3] (*Id.* at 15).

---

[3] The Report-Recommendation indicated that a finding of harmless error was also warranted on the ground that the court was able to "glean why [the] ALJ . . . found Dr. Brown's moderate limitations supported by their consultation." (Dkt. No. 22, at 15). While it is well-settled that when "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," courts "do not require that [the ALJ] have . . . explained why he considered particular evidence unpersuasive or insufficient," *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (citing *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982)), the Report-Recommendation does not identify the evidence or portions of the ALJ's decision from which the ALJ's rationale was gleaned or indicate what the ALJ's rationale might have been. Additionally, it is not entirely clear whether the word "consultation" is a reference to the consultative examination, on which Dr. Brown expressly relied in formulating his opinion, or a reference to Dr. Brown's consultation of the medical

In reaching this conclusion, Magistrate Judge Katz rejected Plaintiff's argument that because the RFC "contain[ed] no reduction in concentration, persistence or pace, allowance for decreased attendance or increased time off-task, or to appropriately accept criticism," it failed to reflect the moderate limitations Dr. Brown identified. (*Id.* (quoting Dkt. No. 13, at 10)). Magistrate Judge Katz explained that the ALJ accounted for Dr. Brown's opinion as to Plaintiff's moderate mental health limitations "by restricting [Plaintiff] to simple, routine, and repetitive tasks," and limiting Plaintiff "to 'concentration, persistence, and pace for two-hour segments.'" (*Id.* at 15–16 (quoting R. 19–20); *see also id.* ("Courts in the Second Circuit have routinely concluded that an ALJ's finding of moderate limitations in concentration, persistence, and pace can be accounted for by an RFC for simple, routine, and repetitive tasks." (citing *Hintsa N. v. Comm'r of Soc. Sec.*, No. 20-cv-6335, 2021 WL 3615704, at *2, 2021 U.S. Dist. LEXIS 154104, at *5 (W.D.N.Y. Aug. 16, 2021)). Magistrate Judge Katz therefore concluded that "ALJ Boyd's determination that Dr. Brown's opinion was persuasive and that Nicholas R. retained the mental RFC to perform simple, routine, repetitive tasks was supported by substantial evidence." (Dkt. No. 22, at 17).

**B. Objection**

Plaintiff objects to Magistrate Judge Katz's conclusion that the ALJ's error in rejecting the "favorable portions of Dr. Brown's opinion"[4] without explanation was "harmless," asserting

records. (R. 94–95). The Court therefore declines to adopt this reason as a basis for affirming the Commissioner's decision.

[4] Dr. Brown considered four categories of mental limitation: understanding and memory, sustained concentration and persistence, social interaction, and adaptation. (R. 91–95). Dr. Brown found Plaintiff had "no evidence of limitation" or was "not significantly limited" with respect to understanding and memory, e.g., remembering locations and work procedures, understanding and remembering "very short and simple" as well as "detailed" instructions, or with respect to adaptation, e.g., responding to changes in work setting and setting realistic goals. (R. 93–94). However, Dr. Brown found that Plaintiff had moderate limitations in several areas affecting the concentration and persistence and social interaction categories, including limitations in the ability to maintain attention and concentration "for extended periods," "work in coordination with others," "complete a normal workday and workweek without interruption from psychologically based symptoms," interact with the public, accept instructions from and respond appropriately to

that "courts have remanded based on the fact that legal error occurred alone." (Dkt. No. 23, at 1–2 (citing *Acosta Cuevas v. Commissioner of Social Security*, No. 20-cv-0502, 2021 WL 363682, at *16, 2021 U.S. Dist. LEXIS 19212, at *52 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022)). Plaintiff further argues that the error could not have been harmless because the vocational expert ("VE") "clearly testified at [sic] hearing that additional moderate limitations would preclude competitive employment."[5] (Dkt. No. 23, at 3 (citing R. 63)).

Plaintiff correctly states that courts have remanded based on legal error alone where an ALJ has failed to complete a supportability and consistency analysis of a medical opinion. (Dkt. No. 23, at 2). *Acosta Cuevas*, the case Plaintiff cites in support of his assertion, is one such example. There, the court remanded without engaging in a harmless error analysis after finding that the ALJ had failed to apply the supportability and consistency factors in evaluating the opinion evidence. 2021 WL 363682, at *16, 2021 U.S. Dist. LEXIS 19212, at *52. But a deficient evaluation of the opinion evidence was not the only error; the court also found that the ALJ had "fail[ed] to develop the record in significant areas, for both the mental and physical aspects of Plaintiff's claims." *Id.* 2021 WL 363682, at *16, 2021 U.S. Dist. LEXIS 19212, at

criticism from supervisors, and get along with coworkers. (R. 93–94). Plaintiff refers to these moderate limitations as the "favorable portions of Dr. Brown's opinion." (Dkt. No. 23, at 1).

[5] The Court notes that it finds the premise of Plaintiff's argument, which is that the ALJ found Dr. Brown's opinion persuasive to the extent Dr. Brown identified mild limitations, but rejected the moderate limitations Dr. Brown identified, (Dkt. No. 23, at 1–2), to be erroneous. The record does not support Plaintiff's assertion that the ALJ rejected the moderate limitations in Dr. Brown's opinion. Dr. Brown opined that Plaintiff's moderate limitations would not preclude Plaintiff from performing routine, unskilled work activities and interacting in a low contact setting. (R. 91–95). And, in any event, Magistrate Judge Katz concluded that the ALJ adopted and accounted for Dr. Brown's moderate findings in the RFC to perform "simple, routine competitive tasks," sustain concentration, persistence, and pace for two-hour segments, interact occasionally with supervisors and coworkers, and have brief interaction with the public, at a job "with little/no changes in duties/routines," or requiring independent judgment. (R. 20; Dkt. No. 22, at 15–17). Plaintiff has not objected to this aspect of the Report-Recommendation, and the Court finds no clear error. *See Joseph C. v. Comm'r of Soc. Sec.*, No. 22-cv-00465, 2024 WL 4664416, at *5, 2024 U.S. Dist. LEXIS 200206, at *13–14 (W.D.N.Y. Nov. 4, 2024) ("[A] limitation to simple tasks in a routine work environment is generally viewed as consistent with mild or moderate mental limitations.").

*52. The court therefore remanded the matter with instructions to the ALJ to develop the record "with respect to the obvious gaps" and to discuss "the supportability and consistency of" the medical source opinions. *Id.* 2021 WL 363682, at *16, 2021 U.S. Dist. LEXIS 19212, at *52.

Unlike *Acosta Cuevas*, the only legal error at issue here concerns the ALJ's analysis of Dr. Brown's opinion. Further, while a court may decline to engage in a harmless error analysis depending on the circumstances of the case, Plaintiff does not suggest, nor could he, that the harmless error inquiry is improper as a matter of law. Indeed, the Second Circuit itself has applied the harmless error analysis under similar circumstances, observing it could still affirm, "[d]espite the ALJ's procedural error" in analyzing supportability and consistency, if "'a searching review of the record assures us that the substance of the [regulation] was not traversed.'" *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (2d Cir. June 17, 2022) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)). However, because Magistrate Judge Katz did not analyze whether a "searching review of the record" demonstrates that the substance of the regulation was not traversed, the Court conducts that review here.

For DIB and SSI claims filed on or after March 27, 2017, an ALJ's review of medical opinion evidence and prior administrative medical findings is governed by 20 C.F.R. §§ 404.1520c(c) and 416.920c(c), according to which the ALJ must use five factors to determine the persuasiveness of the medical opinion evidence and prior administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c))). The two most important factors in this analysis are supportability and consistency, and the ALJ must "explain how [h]e considered the

supportability and consistency factors" when determining the persuasiveness of "a medical source's medical opinions or prior administrative findings." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2))).

"To analyze supportability, the ALJ must conduct 'an inquiry confined to the medical source's own records that focuses on how well a medical source supported and explained their opinion.'" *Ayala v. Kijakazi*, 620 F. Supp. 3d 6, 30 (S.D.N.Y. 2022) (quoting *Vellone v. Saul*, No. 20-cv-00261, 2021 WL 319354, at *6, 2021 U.S. Dist. LEXIS 20030, at *17 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted* 2021 WL 2801138, 2021 U.S. Dist. LEXIS 125454 (S.D.N.Y. July 6, 2021)). "The more relevant the evidence and explanations are, the more persuasive the medical opinion is." *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)). "[T]o analyze consistency, the ALJ must conduct 'an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.'" *Id.* (quoting *Vellone*, 2021 WL 319354, at *6, 2021 U.S. Dist. LEXIS 20030, at *17–18). "The more consistent the medical opinion being analyzed is with the other sources, the more persuasive the medical opinion is." *Id.* (citing 20 C.F.R. § 404.1520c(c)(2)).

In this case, even if the ALJ did not engage in an express analysis of supportability and consistency in finding Dr. Brown's opinion "persuasive," the ALJ's detailed, two-paragraph analysis with citations to the record evidence and various treatment notes assures the Court that the substance of the regulations were not traversed. (R. 25–26). In the first paragraph, the ALJ noted that Dr. Brown's opinion was supported by Dante Alexander, Psy.D.'s consultative psychiatric evaluation, which the ALJ also found "persuasive," and the "content of the treatment notes." (R. 30 (citing R. 411–19)). Both Drs. Brown and Alexander[6] found limitations (to

[6] Following examination, Dr. Alexander opined that Plaintiff was moderately limited in his ability to understand, remember, or apply complex directions and instructions, and mildly limited in using reason and judgment to make

differing degrees, with Dr. Brown's opinions generally reflecting a greater degree of limitation) in Plaintiff's ability to understand, remember, and carry out detailed or complex instructions, interacting or working with others, sustaining concentration and pace, regulating emotions or controlling behavior, and sustaining an ordinary routine and attendance. (R. 93–94, 413). The ALJ also specifically noted that Dr. Brown was a "non-examining" source and that Dr. Alexander had conducted a "direct evaluation," suggesting that the ALJ considered that Dr. Brown formulated his opinion based on a review of the evidence and had not examined Plaintiff. (R. 24–25).

The second paragraph shows the ALJ's consideration of the consistency of Dr. Brown's opinion with the treatment record. (R. 25–26). While Dr. Brown relied on medical records or treatment notes from 2022 in formulating his opinion in 2023, (R. 94), the ALJ looked for consistency in Plaintiff's 2024 treatment notes, all of which showed a milder degree of limitation and thus were not inconsistent with Dr. Brown's opinion that even with moderate limitations, Plaintiff was not precluded from attending to routine, unskilled work. (R. 25 (citing, *e.g.*, R. 743 (mild improvement in depression but noncompliant with medication), 745 (unremarkable thought content and process, intact memory, borderline intelligence, not unable to focus, follow directions or concentrate), 756–57 (poor insight and judgment, borderline intelligence, "low average" fund of knowledge, unremarkable thought content and process, normal affect, cooperative with examiner and "others in session"), 779 (Plaintiff reporting "mood and thoughts have been stable" and provider spoke with Plaintiff "about personal health and fitness goals"). The Court therefore concludes that the ALJ adequately considered the supportability and

---

work-related decisions, interacting with others, sustaining concentration and performing a task at a consistent pace, sustaining an ordinary routine and attendance, regulating emotions, controlling behavior, and maintaining well-being. (R. 413).

consistency of Dr. Brown's opinion. *See Candy R. v. Comm'r of Soc. Sec.*, No. 23-cv-06608, 2024 WL 3886221, at *4, 2024 U.S. Dist. LEXIS 149844, at *9–10 (W.D.N.Y. Aug. 21, 2024) (gleaning rationale for supportability and consistency noting "this was not a case where the ALJ failed to consider either factor in his analysis altogether or provided no explanation when he considered" persuasiveness, and that the ALJ had found the opinions "were supported by an in-person examination of Plaintiff and were consistent with longitudinal medical evidence and Plaintiff's reported activity level"). Accordingly, legal error (if any) with respect to the ALJ's supportability and consistency analysis does not require remand in this case.

Plaintiff next argues that "contrary to the Magistrate Judge's recommendation, the VE clearly testified at the hearing that additional moderate limitations would preclude competitive employment." (Dkt. No. 22, at 3 (citing R. 63)). However, not only is Plaintiff's argument general, conclusory, and devoid of facts, but it does not indicate which of the two hypothetical questions in the cited hearing testimony Plaintiff is referring to and does not explain how the questions align with the moderate limitations Dr. Brown identified.

Even if Plaintiff's objection was sufficiently specific to warrant de novo review, it would not provide a basis for relief because neither hypothetical question appears to track Dr. Brown's findings. In the first question, Plaintiff's representative asked whether an individual who could "frequently maintain attention and concentration, but occasionally were unable to maintain attention and concentration would that also exceed that off-task tolerance?" (R. 63). The VE responded: "Oh, yes . . . the person would not be able to work in a competitive environment if he . . . lost concentration for that period of time." (R. 63). Plaintiff does not explain how the hypothetical in the question is consistent with a moderate limitation in "the ability to maintain attention and concentration for extended periods" (per Dr. Brown). (R. 93). In addition, the ALJ

included this moderate limitation in the hypothetical question he posed to the VE, (*see* R. 60), and formulated an RFC limiting Plaintiff to "simple, routine, repetitive tasks," and "concentration, persistence, and pace for two-hour segments," (R. 20), thus adequately accounting for the limitation, *see*, *e.g.*, *Cordero v. Kijakazi*, No. 23-cv-00995, 2023 WL 7131876, at *8, 2023 U.S. Dist. LEXIS 194357, at *24 (S.D.N.Y. Oct. 30, 2023) ("An RFC that limits a claimant to 'simple and routine work' adequately accommodates moderate (and even marked) limitations in concentration and self-management." (citing cases)),

The second hypothetical question Plaintiff cites in support of his argument that the VE testified that the moderate limitations Dr. Brown identified would preclude employment was also posed by Plaintiff's representative, who asked: "if the individual, on an occasional basis, didn't appropriately accept instructions or respond appropriately to criticism from supervisors . . . say the supervisors gave him new tasks to do or a change in how to do the tasks and they didn't grasp it and they just kept doing the task . . . the same way . . . without making the changes, would that have an impact on simple work?" (R. 63). The VE responded: "Yes, in my experience that individual might be given more opportunities to not follow directions, but then after that they would be released from the job." (R. 63). To the extent Plaintiff contends that an "occasional" limitation is equivalent to the "moderate limitations" Dr. Brown found in the areas of accepting instructions or responding to criticism, this contention is without merit. *See*, *e.g.*, *Wayne C. v. Comm'r of Soc. Sec.*, No. 23-cv-1253, 2025 WL 755429, at *3, 2025 U.S. Dist. LEXIS 42960, at *6–7 (W.D.N.Y. Mar. 10, 2025) (rejecting the plaintiff's argument "that a 'moderate' limitation corresponds to an 'occasional' inability to concentrate at work, noting that '[o]ccasional' means 'up to one-third of the day,'" and explaining that if the plaintiff's argument was correct, "a moderate limitation in concentration would always be work-preclusive—a position that finds no

support in the case law" (first quoting *John T. v. Comm'r of Soc. Sec.*, 652 F. Supp. 3d 372, 377 (W.D.N.Y. 2023); then citing S.S.R. 83-10, 1983 WL 31251, at *5, 1983 SSR LEXIS 30, at *13 (Jan. 1, 1983); and then citing *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010))); *see also Zabala*, 595 F.3d at 410 (finding ALJ's determination that the plaintiff could perform "unskilled work" was supported by substantial evidence where the plaintiff had "moderate limitations in her work-related functioning"). Thus, the Court concludes that Plaintiff's second objection fails to identify legal error and that substantial evidence supports the ALJ's finding that Plaintiff was not disabled.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Katz's Report-Recommendation, (Dkt. No. 22), is **ADOPTED** for the reasons set forth in this decision; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings, (Dkt. No. 13), is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings, (Dkt. No. 18), is **GRANTED,** and the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED** that the Complaint, (Dkt. No. 1), is **DISMISSED**; and it is further

**ORDERED** that the Clerk is directed to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: September 24, 2026
Syracuse, New York

Brenda K. Sannes
Brenda K. Sannes
Chief U.S. District Judge